**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BERT PURRINGTON, on Behalf of Itself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LAKELAND INDUSTRIES, INC., JAMES M. JENKINS, CHARLES D. ROBERSON, and ROGER D. SHANNON,<br><br>    Defendants. | **CASE No.: 1:26-cv-01501-DLC-RFT**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MILAN FORTNER TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

## TABLE OF CONTENTS

INTRODUCTION AND BACKGROUND ................................................................................. 1

ARGUMENT ............................................................................................................................ 4

    I.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ....................................... 4

        A.    Movant Is Willing to Serve as Class Representative .................................................. 5

        B.    Movant Has the Largest Financial Interest in the Action .......................................... 5

        C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ...................................................................................................................... 6

           1.    Movant's Claims are Typical ..................................................................................... 7

           2.    Movant Is Adequate .................................................................................................... 7

        D.    Movant Is Presumptively the Most Adequate Plaintiff .............................................. 8

    II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED .................... 8

CONCLUSION ......................................................................................................................... 9

Plaintiff Milan Fortner ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the publicly traded securities of Lakeland Industries, Inc. ("Lakeland" or the "Company") between December 1, 2023 and December 9, 2025, both dates inclusive (the "Class Period"); and

(b)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On February 23, 2026, this action was filed in this district against Lakeland Industries, Inc., James M. Jenkins, Charles D. Roberson, and Roger D. Shannon. That same day, an early notice pursuant to the PSLRA advising class members of, inter alia, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff was issued. *See* Ex. 1 hereto.

Defendant Lakeland, together with its subsidiaries, manufactures and sells industrial protective clothing and accessories for the industrial and public protective clothing market worldwide.

The complaint alleges that Defendants throughout the Class Period made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Lakeland was experiencing significant, sustained issues with its Pacific Helmets and Jolly businesses, including, inter alia, shipping-related delays, production issues,

1

and slower than expected rollout of new products; (2) accordingly, Defendants overstated the anticipated and actual positive impact of these businesses on Lakeland's financial results, as well as the overall strength and quality of Pacific Helmets' and Jolly's respective operations; (3) Lakeland's business and financial results were significantly deteriorating because of, inter alia, tariff-related headwinds and timing, certification delays, and material flow issues in its acquired businesses; (4) accordingly, Defendants overstated the strength of their tariff mitigation measures and SSQ M&A strategy; (5) as a result of all the foregoing issues, Defendants' financial guidance was unreliable; and (6) as a result, Defendants' public statements were materially false and misleading at all relevant times.

Then, on September 4, 2024, when, during post-market hours, Lakeland issued a press release reporting its financial results for the second quarter ("Q2") of its FY 2025. Among other results, Lakeland reported revenue of $38.51 million for the quarter, missing consensus estimates by $1.39 million. Defendant James M. Jenkins ("Jenkins"), the Company's President, Chief Executive Officer ("CEO"), and Executive Chairman, revealed "the shortfall was due to shipment timing," and that, inter alia, Jolly had "substantial fire orders delayed to the late third and early fourth quarter."

On this news, Lakeland's stock price fell $1.86 per share, or 7.82%, to close at $21.92 per share on September 5, 2024.

On April 9, 2025, during post-market hours, Lakeland issued a press release reporting its financial results for its fourth quarter ("Q4") and FY of 2025. Among other results, Lakeland reported Q4 GAAP3 earnings per share ("EPS") of -$2.42, missing consensus estimates by $2.80, and FY 2025 adjusted EBITDA, excluding FX losses, of only $17.4 million—*significantly below Defendants' repeatedly reiterated guidance of EBITDA of at least $18 million*. Defendant Jenkins blamed these disappointing results on, *inter alia*, "a large Jolly fire

2

boots order that was initially expected to ship in Q2 of FY25 [that] has now slipped into FY26," "weakness . . . at Pacific Helmets resulting from production issues and product offering updates[,]" and "slower than expected" "rollout of new products from Pacific Helmets and Jolly Boots[.]"

On this news, Lakeland's stock price fell $2.63 per share, or 14.33%, to close at $15.72 per share on April 10, 2025.

Then, on June 9, 2025, during post-market hours, Lakeland issued a press release reporting its financial results for the first quarter ("Q1") of its FY 2026. Among other results, Lakeland reported Q1 GAAP EPS of -$0.41, missing consensus estimates by $0.60, as well as revenue of $46.74 million, missing consensus estimates by $2.1 million. Defendant Jenkins blamed these disappointing results on, *inter alia*, its Pacific Helmets business "resulting from production issues and updates to product offerings[,]" as well as "shipment timing" and "tariff related delays[.]" Defendant Roger D. Shannon ("Shannon"), Lakeland's Chief Financial Officer ("CFO"), attributed the shortfall in adjusted EBITDA in the quarter to, *inter alia*, "elevated freight costs resulting from tariff-related inventory build, and dilution from acquisitions."

On this news, Lakeland's stock price fell $4.29 per share, or 22.16%, to close at $15.07 per share on June 10, 2025.

On September 9, 2025, during post-market hours, Lakeland issued a press release reporting its financial results for Q2 of its FY 2026. Among other results, Lakeland reported revenue of $52.5 million for the quarter, missing consensus estimates by $2.09 million. Defendant Jenkins once again blamed these disappointing results on, *inter alia*, "Pacific Helmets resulting from updates to product offerings and production issues[,]" as well as "continued delays in purchasing decisions due to tariff uncertainty[.]"

3

On this news, Lakeland's stock price fell $0.64 per share, or 4.43%, to close at $13.80 per share on September 10, 2025.

Then, on December 9, 2025, during post-market hours, Lakeland issued a press release reporting its financial results for the third quarter ("Q3") of its FY 2026. Among other results, Lakeland reported Q3 2026 GAAP EPS of -$1.64, missing consensus estimates by $1.93, and revenue of $47.6 million, missing consensus estimates by $9.05 million, blaming, *inter alia*, "timing, certification delays, and material flow issues" in its acquired businesses, as well as tariff-related headwinds. The press release further revealed that Lakeland was withdrawing its previously issued financial guidance for FY 2026 and would not provide financial guidance going forward because the foregoing "challenges have affected our forecasting ability[.]"

The same day, also during post-market hours, Lakeland filed a current report on Form 8-K with the SEC, disclosing that Defendant Shannon's employment had been terminated.

Following these disclosures, Lakeland's stock price fell $5.85 per share, or 38.97%, to close at $9.16 per share on December 10, 2025. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

<u>**ARGUMENT**</u>

## I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

5

which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $4,121.80 in connection with purchases of Lakeland securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Lakeland securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

6

1.      **Movant's Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiffs' claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements and failing to disclose material statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

2.      **Movant Is Adequate**

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Lakeland securities and is therefore, extremely motivated to pursue claims in this action.

Further, Movant lives in Alabama and has been investing for 10 years. He is an owner of a health and wellness company.

7

### D.  Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

## II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and the Class's claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as

lead counsel in securities class actions in this District and in other courts throughout the country. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: April 24, 2026

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Phillip Kim
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

9

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Milan Fortner, certifies that this brief contains 2,450 words, which complies with the word limit of L.R. 7.1(c).

Executed on April 24, 2026

/s/ Phillip Kim

10

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

11